IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00148-WYD-CBS

SHARON V. VANZANDT,

    Plaintiff(s),

v.

THE PEPSI BOTTLING GROUP,

    Defendant(s).

## ORDER

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [# 19], filed December 4, 2006.  The motion seeks summary judgment on Plaintiff's claims under both the Age Discrimination in Employment Act ("ADEA") of 1967 pursuant to 29 U.S.C. § 621 and Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e.  Defendant asserts that, as a matter of undisputed fact: (1) Plaintiff cannot establish a prima facie case of age or sex discrimination; (2) Defendant terminated Plaintiff's employment based on a legitimate, nondiscriminatory reason; and (3) there is no evidence of pretext.  Plaintiff filed a response on January 19, 2007.  A reply in support of Defendants motion was filed February 12, 2007.  For the reasons stated below, Defendant's Motion for Summary Judgment is denied.

II.    ANALYSIS

    A.    Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

    B.    Whether Summary Judgment is Proper in this Case

"A claim of age discrimination under the ADEA can be proven by either direct or circumstantial evidence." *Howard v. Garage Door Corp. Inc.*, No. 02-3163, 2005 WL 481564 at *2 (10th Cir. 2005) (citing *Stone v. Autolive ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir.2000)). "'A plaintiff proves discrimination through direct evidence by establishing proof of an existing policy which itself constitutes discrimination.'" *Id.* (quoting *Stone*, 210 F.3d at 1136)). "In all other cases, the plaintiff seeks to prove discrimination through circumstantial evidence." *Id.* Such a claim can survive summary

judgment only where the plaintiff has presented sufficient evidence to show there is a genuine issue of material fact pertaining to whether the plaintiff's age actually motivated the allegedly discriminatory conduct." *Id*. (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)). "In determining whether the circumstantial evidence presented by the plaintiff in a given case is sufficient to establish a genuine issue of material fact, the Supreme Court has directed the application of the burden-shifting framework established evidence to show there is a genuine issue of material fact pertaining to whether the plaintiff's age actually motivated the allegedly discriminatory conduct" *Id*. (quoting *Reeves*, 530 U.S. at 141). In determining whether the circumstantial evidence presented by the plaintiff in a given case is sufficient to establish a genuine issue of material fact, the Supreme Court has directed the application of the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U .S. 792, 802-05 (1973).

      Title VII provides in part that it is unlawful for an employer to discharge or otherwise discriminate against any individual based upon race. 42 U.S.C. § 2000e2(a)(1).  To state a valid claim under Title VII, plaintiff must prove by a preponderance of the evidence that the employer engaged in intentional discrimination.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).  "A plaintiff alleging discrimination on the basis of race may prove intentional discrimination through either direct evidence of discrimination (e.g. oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (i.e. circumstantial) evidence of discrimination." *Kendrick v. Penske Transportation Services, Inc.*, 220 F.3d 1220, 1225 (10th Cir.

2000). Where the plaintiff does not have direct evidence of discrimination, a plaintiff may rely on indirect evidence by invoking the aforementioned analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Perry v. Woodward*, 199 F3d 1126, 1135 (10th Cir.1999). In McDonnell Douglas, the Supreme Court "established an

allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory treatment cases." *Hicks*, 509 U.S. at 504.

In the case at hand, I find that Plaintiff demonstrated through her Response Brief in Opposition to Defendant's Motion for Summary Judgment that there are genuine issues of material fact regarding Plaintiff's ADEA and Title VII claims. First, Plaintiff attached direct evidence to her response brief indicating that she was terminated as a result of her age. Second, Plaintiff presented evidence of pretext regarding Defendant's policies and practices with respect to older employees. Finally, Plaintiff presented evidence of disparate treatment. Accordingly, I find that there are genuine issues of material fact regarding Plaintiff's claims under both the ADEA and Title VII, and that summary judgment is not proper on these claims.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment [# 19], filed December 4, 2006, is **DENIED**.

Dated: July 10, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge