UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00148

SHARON V. VANZANDT,

      Plaintiff,

v.

THE PEPSI BOTTLING GROUP,

      Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant's Motion for Reconsideration of the Court's Order Denying Summary Judgment on Plaintiff's Title VII Claim (docket #40), filed July 18, 2007, asking that the Court reconsider its Order of July 10, 2007. That Order denied Defendant's motion for summary judgment because I determined that genuine issues of material fact existed regarding Plaintiff's claims asserted under both the ADEA and Title VII.  Defendant's motion for reconsideration only addresses my Order with respect to Plaintiff's claims under Title VII.

Specifically, I found that Plaintiff demonstrated through her Response Brief in Opposition to Defendant's Motion for Summary Judgment that there are genuine issues of material fact with respect to her Title VII claim.  First, I found that Plaintiff presented evidence indicating disparate treatment.  Second, Plaintiff presented evidence of

-1-

sexual discrimination.  Finally, I determined that Plaintiff presented evidence of pretext with respect to her discrimination claims.

Turning to my analysis of Defendant's motion to reconsider, there are three major grounds that justify reconsideration of a motion under Rule 59(e):  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  Such a motion is committed to the trial court's discretion.  *See Phelps*, 122 F.3d at 1324.

In the case at hand, Defendant has not advanced any change in the law or newly discovered evidence.  Moreover, its has not shown any clear error in the Court's ruling. Finally, it has not shown that the Court misapprehended the facts, the parties' positions or controlling law.  Accordingly, I find that the Motion for Reconsideration is not proper.  *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion fo reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Reconsideration of the Court's Order

Denying Summary Judgment on Plaintiff's Title VII Claim (docket #40), filed July 18,

2007, is **DENIED**.

Dated:  August 8, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge